108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sam LOVELY, Plaintiff-Appellant,
v.
Helen H. HUGHES, Defendant-Appellee.
 No. 96-5536.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1997.
 
 E.D.Ky., No. 96-00026; Joseph M. Hood, Judge.
 E.D.Ky.
 AFFIRMED.
 Before: BROWN, BATCHELDER, and COLE, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the sua sponte dismissal of a prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sam Lovely is a Kentucky inmate. He filed a complaint under 42 U.S.C. § 1983 seeking monetary damages against the Chairperson of the Kentucky Parole Board in her individual and official capacities. Lovely alleged a Fourteenth Amendment equal protection violation, in that he has recently been denied parole, whereas other persons similarly situated have been granted parole. The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) (current version at 28 U.S.C. § 1915(e)(2)(B)(i) (1996)). Despite Lovely's objections, the district court adopted the report and recommendation as the opinion of the court. This appeal followed.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion when it dismissed this complaint as frivolous under § 1915(d). Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). A complaint may be dismissed as frivolous under 28 U.S.C. § 1915(d), if it is premised on a non-existent legal interest or a delusional factual scenario. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Lovely's claim does not establish an equal protection violation because Lovely has not shown that he was victimized because of some suspect classification, see Newell v. Brown, 981 F.2d 880, 887 (6th Cir.1992), cert. denied, 510 U.S. 842 (1993), nor is he similarly situated to inmates who were afforded parole. See New York State Club Ass'n v. City of New York, 487 U.S. 1, 17 (1988); F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415 (1920).
 
 
 4
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.